IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY ANN LANDI A/K/A<br>MARY ANN BOYER | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION - LAW |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| MAHONING TOWNSHIP | : | |
| | : | |
| Defendant | : | NO.: |

## COMPLAINT

AND NOW comes the Plaintiff, Mary Ann Landi a/k/a Mary Ann Boyer, by and through her undersigned counsel, Donald G. Karpowich, Attorney-at-Law, P.C., and files the following Complaint, and in support thereof alleges the following:

### PARTIES

1. Plaintiff, Mary Ann Landi a/k/a Mary Ann Boyer, is a United States citizen residing at 726 Bloom Road, Danville, PA 17821.

2. Defendant, Mahoning Township (the "Township"), is a political subdivision of the Commonwealth of Pennsylvania, organized and existing in accordance with the laws of Pennsylvania with a designation as a Township of the Second Class. The Township's principal office is located at 849 Bloom Road,

Danville, PA 17821. Mahoning Township, as a municipal entity, is capable of being sued under 42 U.S.C. § 1983, and is subject to the jurisdiction of this Court.

## JURISDICTION AND VENUE

3. This action arises under the Constitution and Laws of the United States, including 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343.

4. Venue herein is proper in this district pursuant to 28 U.S.C. § 1391(b). All of the acts complained on herein occurred within this judicial district.

5. At all times relevant hereto, the Township acted under the color of state law.

## FACTS

6. Plaintiff, Mary Ann Landi a/k/a Mary Ann Boyer, is the owner of real estate located at 722, 724 and 726 Bloom Road, Danville, Montour County, Pennsylvania, 17821 (the Property").

7. The Plaintiff has owned the Property and occupied a portion of the Property continuously since 1971.

8. There is one residential building on the Property that contains three residential dwelling units. Unit #1 is located on the corner of the Property with frontage adjacent to the intersection of Bloom Road and South Academy Avenue,

Danville, Montour County, Pennsylvania, 17821. Unit #1 is occupied by the Plaintiff.

9. Unit #2 consists of an addition constructed on to the west side of Unit #1 with frontage on Bloom Road only. Unit #2 was used as a rental apartment by the Plaintiff. Unit #2 is accessible and was occupied by a person with a disability, Susan Miner, at all relevant times.

10. Unit #3 consists of a one-bedroom rental unit above a portion of Unit #2.

11. There exists a concrete culvert that runs north to south directly underneath the westerly side of Unit #2 (the "Concrete Culvert").

12. A stream known as the North Blizzards Run flows through the Concrete Culvert.

13. The Township is responsible for stormwater runoff from the tributary watershed located North of the Concrete Culvert, as well as being responsible for the tributary watershed properties to require maintaining storm water at predevelopment levels or less per the Township's Stormwater Management Ordinance, Chapter 202 of the Township Code.

14. On or about March 22, 1995, the Township installed concrete block walls along the embankment of North Blizzards Run on the Property.

15. On or about June 18, 2001, the Township was notified in writing by Chuck Thompson, P.E., from Uni-Tech of suggested areas for stream bed restoration on Blizzards Run. A map was attached to the letter identified the Property as a suggested site for restoration.

16. On or about July 23, 2020, the Mahoning Township Zoning Officer/Property Maintenance Code Administrator, Dean VonBlohn, ("Township Officer") issued a Notice of Violation letter to Plaintiff alleging several violations of the International Property Maintenance Code of 2012 due to the allegedly unsafe and deteriorated condition of the Concrete Culvert.

17. On or about July 23, 2020, Unit #2 was occupied by a handicapped tenant, pursuant to a residential lease agreement. The monthly rent for Unit #2 was $1,059.00 per month.

18. On or about October 28, 2020, the Township commenced a civil action against the Plaintiff in the Court of Common Pleas for Montour County, Pennsylvania, by filing a Complaint, Docket Number 343 of 2020, to enforce the alleged violations of the International Property Maintenance Code as set forth in the Notice of Violation dated July 23, 2020.

19. On or about January 5, 2021, Plaintiff filed an Answer with New Matter to the Complaint alleging, among other things, that any structural damages

which may exist in the Concrete Culvert was caused by the Township in one or more of the following ways:

    a. Approving development of properties upstream from Plaintiff without requiring proper storm water management, as required by various State and Federal Laws;

    b. Performing prior work either directly or through the services of hired contractors, in the or about the Concrete Culvert in a defective manner;

    c. Directly or indirectly re-directing storm water into Blizzards Run, resulting in excessive water flow beneath the Plaintiff's Property, resulting in damages to the Concrete Culvert.

20. The Township is responsible for stormwater runoff from the tributary watershed properties located North of the Concrete Culvert along Blizzards Run.

21. The Township has a duty to require property owners along Blizzards Run to maintain stormwater runoff at pre-development levels or less pursuant to Chapter 202 of the Code of the Township of Mahoning ("Stormwater Management Ordinance").

22. The Township knew, or should have known, that it permitted land developments that directly or in-directly discharged excessive stormwater into Blizzards Run.

23. Due to lack of enforcement of the Stormwater Management Ordinance by the Township, the Concrete Culvert handled an amount of water far in excessive of the amount that existed when the Concrete Culvert was constructed, which caused deterioration.

24. On March 5, 2021, the Township Officer issued a Notice of Condemnation letter to Plaintiff alleging that Unit #2 was unsafe for occupancy due to the unsafe condition of the Concrete Culvert.

25. On or about April 28, 2021, Plaintiff's tenant, Susan Miner, vacated Unit #2 as a result of the Township's Notice of Condemnation.

26. Plaintiff incurred costs in the amount of $626.31 to relocate her tenant and her tenant's personal property out of Unit #2.

27. On April 29, 2021, the Township issued a Notice to Vacate letter to Plaintiff ordering that Unit #2 be vacated on or before April 30, 2021.

28. After the events set forth herein, the Township performed work on private landing directly south of the Property to the purpose of stabilizing the Blizzards Run tributary.

**COUNT I - CLAIM AGAINST DEFENDANT MAHONING TOWNSHIP FOR VIOLATION OF PLAINTIFF'S CONSTITUTIONALLY PROTECTED RIGHTS PURSUANT TO THE FIFTH AMENDMENT, UNDER 42 U.S.C. §1983**

29. Plaintiff incorporates by reference the allegations of paragraphs 1 through 28 as though fully set forth herein.

30. The Notice of Condemnation and Notice to Vacate deprived the Plaintiff of the use and enjoyment of her private land without just compensation.

31. The Township's actions constitute an uncompensated taking of the Plaintiff's property by requiring her tenant to vacate and by ordering that Unit #2 remain unoccupied.

32. The taking of the Plaintiff's Property was for the alleged public purpose of promoting the health and welfare of tenants, both current and prospective, that seek to rent Plaintiff's allegedly unsafe Property.

33. The excess stormwater that damaged the Concrete Culvert was caused, in part, by the Township's refusal to construct a catch basin in connection with its design and construction of its municipal building located at 849 Bloom Road, Danville, PA 17821.

34. The Township's refusal to construct said catch basin, which violated its own Stormwater Management Ordinance, directly benefitted the public by lowering the overall cost for the construction project, thus reducing the total expenditure of public funds.

35.    The Township decided to take the Plaintiff's Property, rather than repair or expand the Concrete Culvert, for the public purpose of attempting to manage its stormwater.

36.    The Plaintiff has suffered damages as a direct result of the condemnation of her property by the Township.

WHEREFORE, Plaintiff, Mary Ann Landi a/k/a Mary Ann Boyer, respectfully requests that this Court enter a judgment in her favor:

(a)    Awarding her economic damages;

(b)    Awarding her compensatory damages;

(d)    Awarding her attorney's fees and costs of this action; and

(e)    Granting such other relief as the Court deems necessary and appropriate.

Respectfully submitted,

*s/ Donald G. Karpowich*
Donald G. Karpowich, Esq.
PA 78176
donald@karpowichlaw.com

*s/ Sean W. Logsdon*
Sean W. Logsdon, Esquire
PA 93096
sean@karpowichlaw.com

*s/ Nathan C. Favreau*
Nathan C. Favreau, Esquire
PA 328240
nathan@karpowichlaw.com
85 Drasher Road
Drums, PA 18222
P:(570) 788-6647
F: (570) 788-0654